UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN ELKINS and ANNIE ELKINS, Individually, and on behalf of all others similarly situated, | ) ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) Case No. 1:23-cv-1117-JRS-TAB ) |
| SOUTHEASTERN INDIANA HEALTH MANAGEMENT INC. D/B/A COLUMBUS REGIONAL HEALTH, | ) ) ) ) |
| *Defendant*. | ) ) |

**MOTION FOR REMAND**

Plaintiffs Brian Elkins and Annie Elkins, Individually and on behalf of all others similarly situated, ask this Court to remand this action to the Marion County, Indiana, Superior Court because this Court lacks subject-matter jurisdiction. As shown in greater detail in the supporting brief filed with this motion, the Defendant hospital was not acting under a federal officer when it installed tracking technology on its website and this case is not one of the "slim category of cases" where state law claims are deemed to "arise under" federal law under *Gunn v. Minton*, 568 U.S. 251, 258 (2013) and *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). In further support of this motion, Plaintiffs state:

1.      On May 23, 2023, Plaintiffs filed their complaint in the Marion Superior Court, Commercial Court. ECF No. 1-2.

2.      The Complaint alleged state law claims for Breach of Implied Contract (Count I); Unjust Enrichment (Count II); Violation of the Indiana Deceptive Consumer Sales Act (Count III); and Violation of the Indiana Wiretapping Act (Count IV).

3. On June 26, 2023, despite acknowledging that the Complaint "only asserts state-law claims. . . ," ECF No. 1 at 12, ¶ 43, Defendant removed the action to this Court, asserting removal was proper under 28 U.S.C. § 1442 because Defendant claims to have acted under a federal officer, and under 28 U.S.C. § 1441 because, Defendant asserts, Plaintiff's state law claims "arise under" federal law.

4. As shown in the supporting brief filed with this motion, neither of those bases are correct.

5. Because Defendant's motion was entirely frivolous, Plaintiffs request this court award attorneys' fees pursuant to 28 U.S.C. § 1447(c).

THEREFORE, Plaintiff asks this Court to remand this case to state court for lack of subject matter jurisdiction.

Dated: July 26, 2023      Respectfully submitted,

/s/*Mary Kate Dugan*
Lynn A. Toops
Mary Kate Dugan
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
mdugan@cohenandmalad.com
J. Gerard Stranch, IV (*Pro Hac Vice* forthcoming)
Andrew E. Mize (*Pro Hac Vice* forthcoming)
STRANCH, JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
Gstranch@stranchlaw.com
amize@stranchlaw.com

        Samuel J. Strauss (*Pro Hac Vice* forthcoming)
        Raina Borelli (*Pro Hac Vice* forthcoming)
        TURKE & STRAUSS, LLP
        613 Williamson St., Suite 201
        Madison, Wisconsin 53703
        (608) 237-1775
        (608) 509-4423 (facsimile)
        sam@turkestrauss.com
        raina@turkestrauss.com

        ***Counsel for Plaintiff and the Proposed Class***

## CERTIFICATE OF SERVICE

    I certify that a copy of this document was filed electronically on July 26, 2023 with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

        /s/*Mary Kate Dugan*
        Mary Kate Dugan