United States District Court
Southern District of Indiana
Indianapolis Division

| | |
|---|---|
| BRIAN ELKINS and ANNIE ELKINS, individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>SOUTHEASTERN INDIANA HEALTH MANAGEMENT INC d/b/a COLUMBUS REGIONAL HEALTH,<br><br>*Defendant* | Cause No. 1:23-cv-01117-JRS-TAB<br><br>[Removal from Marion County Superior Court, Indiana, no. 49D01-2305-PL-020792] |

# Motion to *Nunc Pro Tunc* Reopen Case, Stay Remand Order, and Recall Remand Letter

Defendant ("the Hospital") respectfully requests that this Court reopen this matter, stay its Order on Motion to Remand (ECF No. 30), and recall the Clerk's letter closing this case (ECF No. 31) entered on October 10, 2023.

## Background

The Hospital sought removal of this action under 28 U.S.C. § 1442, the federal officer removal statute. This Court found removal inappropriate. ECF No. 30. Congress has provided an appeal as of right from such orders. 28 U.S.C. § 1447(d) (although most remand orders are not appealable, those falling under § 1442 "shall be reviewable by appeal or otherwise").

Typically, when a party has a right to appeal, a notice of appeal must be filed in this Court within 30 days after the judgment or order being appealed. Fed. R. App. P. 4(a)(1)(A). To give sufficient breathing room for a party to decide its appellate strategy, Federal Rule of Civil Procedure 62(a) generally instructs the

Court to stay execution on a judgment for 30 days after its entry. *See also* Fed. R. Civ. P. 54(a) ("judgment" includes "a decree and any order from which an appeal lies"); 28 U.S.C. § 1447(d) (an order declining federal officer removal is an order from which an appeal lies).

In line with these standards, when federal district courts rule against federal officer removal (or when they issue any other appealable remand orders), they typically stay the ruling for 30 days. *See, e.g.*, *West Va. St. Univ. Bd. of Governors v. Dow Chem. Co.*, 2020 WL 3053542, at *1 (S.D. W. Va. June 8, 2020) ("Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay on the execution of the remand order from the date of its issuance."); *Walker v. Arbor Mang't Servs., LLC*, 2022 WL 1877384, at *13 (N.D. Ga. Nov. 17, 2022) ("the Court **STAYS** the remand order for **30-days** to allow Defendants to exercise their right to appeal") (emphasis in original); *Tennessee ex rel. Slatery v. Tenn. Valley Auth.*, 2018 WL 3092942, at *1 n.3 (M.D. Tenn. June 22, 2018) ("Because an order remanding a case originally removed from state court pursuant to 28 U.S.C. § 1442 is appealable, and a 'judgment' is defined as 'any order from which an appeal lies,' it follows that an order remanding a case that had previously been removed under a claim of § 1442 removability is a 'judgment' for purposes of the Federal Rules of Civil Procedure"); *cf. Vision Bank v. Bama Bayou, LLC*, 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012) (in a case where 12 U.S.C. § 1819(b)(2)(C) established right to appeal a remand order— "Once the FDIC appealed, a stay order should have been issued.").

Indeed, in this specific type of "Pixel litigation" case, courts follow these procedures to allow for the appeal as of right. *See, e.g.*, *Mohr v. Trustees of the*

*University of Pennsylvania*, Case No. 2:23-cv-00731-CFK, filed in the United States District Court for the Eastern District of Pennsylvania, ECF No. 23 (Order staying remand pending the Third Circuit's decision); *Jacqueline Horton v. Willis-Knighton Medical Center,* Case No. 1:23-cv-00314-TAD-JPM, filed in the United States District Court for the Western District of Louisiana, ECF No. 44 (Order staying case and vacating remand order pending appeal to the Fifth Circuit); *John Doe v. SSM Health Care Corp. d/b/a SSM Health*, filed in the United States District Court for the Eastern District of Missouri, ECF No. 32 (Order staying decision on remand and recalling notice of remand sent to state court); *John Doe and Jane Doe v. Mosaic Health System and Heartland Regional Medical Center d/b/a Mosaic Life Care*, Case No. 5:23-cv-06008-JAM, filed in the United States District Court for the Western District of Missouri, ECF No. 33 (Order reopening case and allowing 30-day stay of execution of remand order, recalling remand letter sent to Circuit Court of Buchanan County, and ordering the stay of the federal case to remain in place until resolution by the Eighth Circuit Court of Appeals).

The interplay of these rules creates jurisdictional clarity. Following an order denying federal officer removal, federal courts briefly retain jurisdiction. If 30 days pass and the time to appeal lapses under Federal Rule of Appellate Procedure 4, then the federal court can safely remand the matter to the sole jurisdiction of the state court. If, however, the party that originally sought removal files a notice of appeal, federal courts maintain jurisdiction for purposes of the appeal. If the Circuit Court agrees that there is no jurisdiction, *then* the case makes its way back down to state court jurisdiction. Implementing a 30-day stay contemplated by Federal Rule of Civil Procedure 62(a) helps guarantee that

either federal courts have jurisdiction, or the state courts do—it avoids the potential for confusion whether both a state and a federal court could claim jurisdiction.

**Argument**

The Hospital intends to pursue its right to appeal under 28 U.S.C. § 1447(d). This Court, however, immediately remanded the case to Marion County Superior Court, and directed the clerk to close the federal case. ECF No. 30 at 7. The same day, the clerk remanded the case. ECF No. 31. The state court has acknowledged receipt, thereby ostensibly taking jurisdiction. ECF No. 32. Indeed, the state court has already ordered the parties to appear before her on November 27, 2023, for a case management conference.

The Hospital believes that it may still exercise its right to appeal by simply filing a Notice of Appeal under Federal Rule of Appellate Procedure 3. In an abundance of caution, however, the Hospital also seeks a *nunc pro tunc* ruling that the Court's remand order should have been stayed 30 days pursuant to Federal Rule of Civil Procedure 62(a). Entering such an order would provide jurisdictional clarity, confirming that until the appeal has been adjudicated, jurisdiction remains in the federal courts, not the state courts.

The Hospital will file a Notice of this Motion in the state court recounting these circumstances, along with a stay of the state court action pending resolution of the federal appeal. An order from this Court confirming that the matter should not have been remanded on October 10, 2023, will also help assure the state court that it does not have jurisdiction until the federal appeal has been adjudicated.

WHEREFORE, the Hospital respectfully requests a *nunc pro tunc* order that reopens this case, recalls the clerk's remand letter, and stays the Court's remand order (ECF No. 30) pending resolution of the Hospital's appeal to the Seventh Circuit. The Hospital will provide a proposed order for the Court's consideration.

Dated: November 9, 2023

Respectfully submitted,

*/s/ Peter S. French*

Peter S. French, Atty. No. 16716-49
Matthew T. Albaugh, Atty. No. 23293-49
Vivek R. Hadley, Atty. No. 36260-53
Taft Stettinius & Hollister LLP
One Indiana Square, Ste. 3500
Indianapolis, IN 46204
(317) 713-3500 – phone
(317) 713-3699 – fax
pfrench@taftlaw.com
malbaugh@taftlaw.com
vhadley@taftlaw.com