United States District Court
Southern District of Indiana
Indianapolis Division

BRIAN ELKINS and ANNIE ELKINS, individually, and on behalf of all others similarly situated,

*Plaintiffs*,

v.

SOUTHEASTERN INDIANA HEALTH MANAGEMENT INC d/b/a COLUMBUS REGIONAL HEALTH,

*Defendant*.

Cause No. 1:23-cv-01117-JRS-TAB

[Removal from Marion County Superior Court, Indiana, no. 49D01-2305-PL-020792]

# Reply Supporting Motion to *Nunc Pro Tunc* Reopen Case, Stay Remand Order, and Recall Remand Letter

Because the Hospital removed this case to federal court on the basis of federal officer jurisdiction, the rules dictate that the following should have happened after the Court issued its decision on the Hospital's attempted removal:

- The Hospital had 30 days to evaluate whether it wanted to appeal;
- The Court's remand order should have been stayed for those 30 days;
- If the Hospital appealed, the Seventh Circuit would assume jurisdiction; and
- The case could not be remanded until the appeal was decided.

Both sides agree that there has been a departure from the rules, and absent the departure, this dispute would be solely before the Seventh Circuit. The Court is empowered to correct this error. The Hospital should not be forced to litigate in state court, while its appeal is being decided by the Seventh Circuit.

**1. This case should not have been remanded until the Hospital's appeal is decided.**

The parties agree on how matters should have proceeded following the Court's Order granting remand. ECF No. 30. For most removals, if the federal court finds it lacks jurisdiction, it can safely remand the case to state court immediately. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise").

But this is not the typical removal. Where, as here, a litigant removes on the basis of federal officer jurisdiction and a district court disagrees with a defendant's federal officer removal argument, the remand order *is* appealable. 28 U.S.C. § 1447(d) (remand orders falling under § 1442 "shall be reviewable by appeal or otherwise").

That means this Court's Order, ECF No. 30, qualifies as a "judgment" under Federal Rule of Civil Procedure 54(a), which in turn triggers an automatic 30-day stay under Federal Rule of Civil Procedure 62(a). Those thirty days coincide with the 30-day period to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). As Plaintiffs point out, "[t]he purpose of Rule 62(a) is to stay execution of judgment … to afford litigants an ample period of time to consider whether to appeal, to file a motion for new trial, and/or to seek a stay of execution of judgment." ECF No. 40 at 3[1] (citing *Artmann v. Center Garage, Inc.*, 2012 WL 5332355, at *3 (N.D. Ind. Oct. 25, 2012)).

Plaintiffs agree with all of this. *See id.* at 2–3 ("Nor does Plaintiff dispute that Rule 62(a) allows for a 30-day automatic stay; Plaintiff contends that the stay is just that: automatic"). Plaintiffs further concede that a timely notice of appeal

[1] Plaintiffs numbered their page 2 as page 1, resulting in a confusing numbering anomaly. The Hospital will reference the ECF-generated page numbers.

"divest[s] this court of jurisdiction." *Id.* at 2; see also *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

So, both sides agree—under the automatic operation of the rules, (i) the remand order should have been stayed; (ii) the Hospital should have had 30 days to appeal; and (iii) once the Hospital appealed, this Court would be divested of jurisdiction, and therefore the Court could not have taken the further step of remanding the case back to state court. In other words, both sides agree that there has been a departure from the rules, and absent the departure, this dispute would only be in one forum right now: the Seventh Circuit.

**2. The Court can fix the error by reopening the case, staying its remand order, and recalling the remand letter.**

Plaintiffs take the remarkable position that this Court cannot fix the situation.[2] The Hospital believes the Court has the power to act to maintain the status quo that should have existed under the automatic operation of the rules.

Even after a timely notice of appeal, "the trial court may, if the purposes of justice require, preserve the status quo until decision by the appellate court." *Newton v. Consol. Gas Co. of New York*, 258 U.S. 165, 177 (1922). While the notice of appeal generally divests the trial court of jurisdiction, this simply means that a trial court cannot "adjudicate substantial rights directly involved in the appeal."

---

[2] Plaintiffs claim there is no basis for relief under Rule 59, which exists for the purpose of correcting a "manifest error." ECF No. 40 at 4 (citing *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). To the contrary, departing from the automatic operation of the rules of civil procedure is a manifest error.

*Id.* But that is in effect what has happened through the early remand; the remand order forces the Hospital to litigate in state court, while its substantial right not to litigate in state court is concurrently being decided by the Seventh Circuit.

Plaintiffs believe the Court is powerless to correct the mistake, or that the Hospital must seek a general stay of litigation divorced from the automatic stay provided under Rule 62(a). ECF No. 40 at 4. And yet many courts have granted the precise relief requested by the Hospital. *See, e.g.*, *Mohr v. Trustees of the University of Pennsylvania,* Case No. 2:23-cv-00731-CFK, filed in the United States District Court for the Eastern District of Pennsylvania, ECF No. 23 (Order staying remand pending the Third Circuit's decision); *Jacqueline Horton v. Willis-Knighton Medical Center,* Case No. 1:23-cv-00314-TAD-JPM, filed in the United States District Court for the Western District of Louisiana, ECF No. 44 (Order staying case and vacating remand order pending appeal to the Fifth Circuit); *John Doe v. SSM Health Care Corp. d/b/a SSM Health*, filed in the United States District Court for the Eastern District of Missouri, ECF No. 32 (Order staying decision on remand and recalling notice of remand sent to state court); *John Doe and Jane Doe v. Mosaic Health System and Heartland Regional Medical Center d/b/a Mosaic Life Care*, Case No. 5:23-cv-06008-JAM, filed in the United States District Court for the Western District of Missouri, ECF No. 33 (Order reopening case and allowing 30-day stay of execution of remand order, recalling remand letter sent to Circuit Court of Buchanan County, and ordering the stay of the federal case to remain in place until resolution by the Eighth Circuit Court of Appeals).

Plaintiffs offer little argument against this common sense result reached by courts in identical circumstances. The rules, when followed, "avoid the confusion

that would ensue from having the same issues before two courts simultaneously." *Nat. Res. Def. Council*, 242 F.3d at 1166. Right now, this case is simultaneously before three courts (this one, Marion Superior Court, and the Seventh Circuit). Plaintiffs offer no argument against the Seventh Circuit's current jurisdiction over this case, which necessarily means Plaintiffs believe the case should be pending in at least two courts simultaneously (Marion Superior Court, but also the Seventh Circuit). This is a result to be avoided. *Nat. Res. Def. Council*, 242 F.3d at 1166.

Plaintiffs also say the Hospital's motion should be denied because the Hospital "sat on its hands." ECF No. at 6. The accusation is misplaced—the Court transferred the case five minutes after the appealable remand order.[3] ECF Nos. 30, 31. The Hospital did not "sit on its hands" by failing to file a notice of appeal (or a motion seeking confirmation that the automatic stay in Rule 62(a) would be followed) within those 5 minutes.

Plaintiffs further claim that the Hospital "received its stay." ECF No. 40 at 3. Plaintiffs offer no explanation for that confusing claim; the Court did not stay its remand order, *see* ECF Nos. 30, 31, which is why the Hospital has filed the instant motion to receive the protection both sides agree the Hospital should have automatically received under the rules. The Plaintiffs seek to characterize the instant motion as "an extra thirty-day stay under Rule 62(a)." ECF No. 40 at 6. Not so. The Hospital seeks only the result of what both parties agree should have happened automatically under the rules: (i) an initial 30-day stay of the "judgment" at ECF No. 30; (ii) 30 days to file a notice of appeal that would have

[3] According to the undersigned's ECF-generated email notifications, the orders came out at 1:54 and 1:59 p.m., respectively.

divested this Court of the authority to remand the case; and (iii) keeping the case in one court at a time.

**3. The *Sarah Bush* decision was wrongly decided.**

Plaintiffs rely substantially on a recent Central District of Illinois decision denying a health center's Emergency Motion to Stay. *See John Doe v. Sarah Bush Lincoln Health Center*, No. 2:23-cv-02170-CSB-EIL (C.D. Ill. Nov. 20, 2023). That case is not binding and was wrongly decided.

The court in *Sarah Bush* found it had the authority to grant a stay under Rule 62(a). Slip op. at 3. But it then applied the factors a court would use to grant a stay pending appeal under Federal Rule of Civil Procedure 62(c). *Id.* at 4. *Sarah Bush* cited *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), which was analyzing Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a). *Sarah Bush* also cited *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir. 2019), which was analyzing a stay of a habeas corpus petition. *Sarah Bush* then found that the defendant had not argued the factors under Rule 62(c), and so denied the motion. *Id.* at 5.

Rule 62(c) concerns the "Stay of an Injunction, Receivership, or Patent Accounting Order," and it provides that "[u]nless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or receivership; or (2) a judgment or order that directs an accounting in an action for patent infringement." The *Sarah Bush* opinion did not explain why a movant seeking the protection of Rule 62(a) should have instead argued Rule 62(c) factors.

Plaintiffs have themselves explained why this is wrong: "Nor does Plaintiff dispute that Rule 62(a) allows for a 30-day automatic stay; Plaintiff contends that

the stay is just that: automatic." ECF No. 40 at 2–3. *Sarah Bush* did not attempt to analyze the import of the *automatic* stay under Rule 62(a) (including the fact that a timely appeal under § 1447(d) would divest the court of jurisdiction to remand the case), and the opinion further erred to find that the defendant had failed to make the requisite arguments to obtain a *non-automatic* stay. *See generally*, slip op.

The opinion further failed to address the unique context of federal officer removal. Even though most remand orders cannot be appealed, Congress has explicitly provided that right for federal officer removals. 28 U.S.C. § 1447(d). The reasoning behind this right to appeal—and concurrent automatic stay under Rule 62(a)—is obvious. The forebear of Section 1442(a)(1) was enacted near the end of the War of 1812, in "an attempt to protect federal officers from interference by hostile state courts." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007). One of the primary purposes of federal officer removal, the history "clearly demonstrates," was to have federal officers' defenses to state-law actions litigated in federal courts. *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). "In cases like this one, Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum." *Id.*[4]

The appeal of right in § 1447(d) serves as a backstop to this protection; Congress gave potential federal officers the right to have a remand order reviewed on appeal, to have a second set of eyes make certain that the potential federal officer is not wrongly subjected to hostile state court jurisdiction. Rule

[4] In one of their unnecessarily-thrown barbs, Plaintiffs suggest that the Hospital has impermissibly sought "to find a more favorable forum." ECF No. 40 at 2. Plaintiffs don't explain why this is impermissible—finding a more favorable forum is the entire point of any litigant seeking federal officer removal. *Willingham*, 395 U.S. at 407.

62(a)'s automatic stay adds a second backstop; it prevents the case from actually going back to state court pending the appeal of right.

In light of the purpose of federal officer removal—to protect certain defendants from having to litigate in state court—combined with the automatic stay in Rule 62(a), it would make little sense for the potential federal officer to be subjected to state court jurisdiction while it concurrently asks a federal appellate court to rule that it should not be subjected to state court jurisdiction. Plaintiffs' position ultimately threatens to destroy the protections of § 1447(d) and Rule 62(a). The threat of wrongly being forced to litigate in state court is precisely the threat that § 1447(d) and Rule 62(a) were intended to avoid—and yet Plaintiffs believe the Hospital is stuck with that fate, and that the Court has no power to address this wrong. As noted above, many courts disagree.

**4. Even if the Court applied the *Hilton* factors for a stay, a stay should be granted.**

Even if *Sarah Bush* were correct that a litigant seeking the protection of Rule 62(a)'s automatic stay must argue the factors for a non-automatic stay, the relief the Hospital seeks should still be granted.

When courts decide whether to grant a discretionary, non-automatic stay, they generally look at the four factors from *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987), namely, (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

### 4.1. The Hospital has a material probability of success on its appeal.

The first element cannot mean that the Hospital must convince this Court that its appeal will succeed; if this Court thought the appeal would succeed, presumably it would not have remanded. Rather, the first *Hilton* element requires the Hospital to "establish a material probability of success on the merits," meaning "[a] better-than-negligible chance." *Vialva v. Watson*, 975 F.3d 664, 666 (7th Cir. 2020). While the Court found the Hospital's federal officer argument "not successful," it also found it "at least colorable in light of the Seventh Circuit's military-contractor cases." ECF No. 30 at 6–7. In that regard, the Hospital further notes that two district courts have found removal appropriate. *See Doe I v. UPMC*, 2020 WL 4381675, at *7 (W.D. Pa. July 31, 2020); *Doe v. ProMedica Health Sys., Inc.*, 2020 WL 7705627, at *2 (N.D. Ohio Oct. 30, 2020). No doubt, the weight of district court decisions leans against federal jurisdiction. But the Hospital has already shown that much of the "mountain of authority" the Elkinses claim to have on their side comes from circuits consciously applying a narrower test than the Seventh Circuit. *See* ECF No. 21 at 14. The fact that district courts have granted removal—combined with the lack of any circuit authority in this precise context—is sufficient to show a better-than-negligible chance. *Vialva*, 975 F.3d at 666.

### 4.2. The Hospital faces irreparable harm absent the stay.

Even if the Court thought the Hospital's chance of success on appeal was not great, the stay should still be granted. Courts in this circuit recognize that "an applicant who has failed to show a likelihood of success on appeal may still be entitled to a stay if the applicant makes a strong showing on the other factors."

*Miller v. LeSea Broad., Inc.*, 927 F. Supp. 1148, 1151–52 (E.D. Wis. 1996); *Thomas v. City of Evanston*, 636 F. Supp. 587, 590–91 (N.D. Ill. 1986).

The second element of irreparable harm is inherent in the nature of federal officer removals. As noted above, the major purpose of the federal officer removal statute is to prevent a litigant claiming that status from being subjected to state court. Congress felt so strongly about this that it provided an automatic right to appeal (along with an automatic stay of the remand order) so that an appellate court could make certain that the litigant's removal argument was decided correctly. Being subjected to state court pending the appeal aimed at not being subjected to state court *is* a form of irreparable injury, which is why the automatic operation of the rules should have prevented it.

### 4.3. Neither the Elkinses nor the public have a compelling interest in expedited the resolution of this case.

The third and fourth elements (prejudice to other parties, and the public interest) are also present in the record. The Elkinses have not sought an injunction or any other form of emergency relief. They simply seek money damages. Furthermore, this case does not involve a car accident or verbal altercation where witness recollections will fade and impair the quality of evidence over time. This case is about digital records, which will not fade or deteriorate during the stay. Neither the Elkinses nor the public have such a strong interest in expediting this action as to override the Hospital's interest in receiving the protections it should have received under the automatic operation of the rules.

WHEREFORE, the Hospital respectfully requests a *nunc pro tunc* order that reopens this case, recalls the clerk's remand letter, and stays the Court's remand

order (ECF No. 30) pending resolution of the Hospital's appeal to the Seventh Circuit. The Hospital will provide a proposed order for the Court's consideration.

Dated: December 4, 2023

Respectfully submitted,

*/s/ Peter S. French*

Peter S. French, Atty. No. 16716-49
Matthew T. Albaugh, Atty. No. 23293-49
Vivek R. Hadley, Atty. No. 36260-53
Taft Stettinius & Hollister LLP
One Indiana Square, Ste. 3500
Indianapolis, IN 46204
(317) 713-3500 – phone
(317) 713-3699 – fax
pfrench@taftlaw.com
malbaugh@taftlaw.com
vhadley@taftlaw.com