UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN ELKINS Individually, and on behalf of all others similarly situated, ANNIE ELKINS Individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHEASTERN INDIANA HEALTH MANAGEMENT INC. D/B/A COLUMBUS REGIONAL HEALTH, <br><br> Defendant. | No. 1:23-cv-01117-JRS-TAB |

**Order on *Nunc Pro Tunc* Motion**

This data privacy case was remanded to Marion County Superior Court. (Order, ECF No. 30.) Columbus Regional appealed the Remand Order, (Notice of Appeal, ECF No. 34), and now asks the Court to stay the remand order retroactively to allow for that appeal, (Motion, ECF No. 33).

Columbus Regional argues that the Court should have ordered a 30-day stay under Rule 62(a), or, alternately, that Rule 62(a) automatically entered a stay. (Def.'s R. 3, ECF No. 43.) The Court accepts, for the purposes of argument, Columbus Regional's contention that a remand order is in fact a "judgment" under Rule 62 and that the remand it effectuates is a "proceeding to enforce" that judgment—though a remand order, even an appealable one, is of course unlike an executable judgment in key respects; the choice of a federal or state forum is a skirmish preliminary to actual decision on the merits. *Accord BP P.L.C. v. Mayor & City Council of Baltimore*, 593

U.S. 230, ___, 141 S. Ct. 1532, 1542–43 (2021) (discussing policy implications of appellate review of remand orders).

The Court could have been more clear: its remand order, (ECF No. 30), did in fact direct immediate remand, and that direction was faithfully carried out by the clerk. So, to the extent that the order implicates Rule 62, the Court "order[ed] otherwise" than the usual 30-day stay. *See* Fed. R. Civ. P. 62(a) (imposing an automatic stay "unless the court orders otherwise").

The Court's reasons for directing immediate remand are implicit in its prior order. Foremost among them is Columbus Regional's questionable attempt, as a private hospital, to invoke federal officer removal—a device intended to prevent state interference with federal law enforcement—for a dispute about web marketing. Columbus escaped the imposition of fees under 28 U.S.C. § 1447(c) only because of the demanding "clearly established law" standard and some miscellaneous cases that might charitably have been read to apply to its case. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

Second, Columbus Regional is unlikely to face prejudice in state court. It is not a federal agent; it is a private hospital, with Indiana citizenship and a large presence in the state. The state court, "coequal" with this Court, is "fully capable" of conducting the litigation and determining the case on its merits. *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 528 (7th Cir. 2021). By corollary, there is no harm to either party for the litigation to carry on in state court while the remand

order is reviewed on appeal.  The same things would be happening in either place; it does not matter where.

Third, the Elkinses have a legitimate interest in continuing.  Delay here only benefits Columbus.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005) (disapproving unfounded removal as a means of imposing additional costs on the plaintiff and the judiciary); *Matter of Milwaukee Cheese Wisconsin, Inc.*, 112 F.3d 845, 849 (7th Cir. 1997) (discussing economics of prejudgment interest).

The Court's job is to "focus litigation on the merits." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).  Here, that meant remanding the case to state court, without a stay, so it can proceed in what this Court thinks to be the appropriate forum.  If the Seventh Circuit decides that the case belongs here, it will return, none the worse for its brief detour.  Columbus' *Nunc Pro Tunc* Motion, (ECF No. 33), is **denied.**

**SO ORDERED.**

Date: 02/21/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Matthew Thomas Albaugh
Taft Stettinius & Hollister LLP
malbaugh@taftlaw.com

Mary Kate Dugan
Cohen & Malad, LLP
mdugan@cohenandmalad.com

Peter S. French
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
pfrench@taftlaw.com

Vivek Randle Hadley
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
vhadley@taftlaw.com

Emily Davin Kopp
Cohen & Malad, LLP
ekopp@cohenandmalad.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com